UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDRE JUSTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:22-cv-00364 (UNA) |
| ) | |
| LINDSAY ANN MARIE PHILLIPS, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter, brought *pro se,* is before the Court on review of the Plaintiff's application to proceed *in forma pauperis* ("IFP"), ECF No. 2, as well as his "criminal complaint," ECF No. 1, at 3, though he has filed a civil matter. The plaintiff, a resident of the District of Columbia, attempts to press criminal charges for kidnapping against two individuals in Merritt Island, Florida.[1] *See id*. at 1, 3.

But "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another," *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Therefore, the Plaintiff may not initiate criminal proceedings against the Defendants by filing a complaint with this court. *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965) (per curiam) (holding that the judiciary "will not lie to control the exercise" of Attorney General's discretion to decide whether or when to institute criminal prosecution), *cert. denied*, 384 U.S. 906 (1966); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (refusing to recognize constitutional right "as a member of the public at large and as a victim to have the defendants criminally prosecuted");

---

[1] The Plaintiff recently filed a substantially similar, if not identical, matter in this District that was dismissed for want of subject matter jurisdiction on March 7, 2022. *See Juste v. Phillips*, *et al*., No. 22-cv-00258 (UNA) at ECF Nos. 3–4. Therefore, the instant matter, having resolved none of the noted defects, is also duplicative.

*Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) (holding same).  More, the Plaintiff cannot compel a criminal investigation by any law enforcement agency by filing a complaint with the court.  *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Consequently, the Court will grant the IFP application, and dismiss this case without prejudice for lack of standing, which "is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see* Fed. R. Civ. P. 12(h)(3) (requiring immediate dismissal of a case when subject matter jurisdiction is found wanting).  A separate order accompanies this memorandum opinion.

Dated: May 10, 2022

TREVOR N. McFADDEN
United States District Judge